OPINION
{¶ 1} Ronald W. Brocar was found guilty by a jury in the Montgomery County Court of Common Pleas of two counts of aggravated robbery, each with a firearm specification. He was sentenced to a four-year term of incarceration on each of the robberies and to three years on each of the firearm specifications, all to be served consecutively, for an aggregate sentence of fourteen years. Brocar appeals from his conviction and sentence.
 {¶ 2} The state's evidence established the following facts.
 {¶ 3} On August 16, 2001, a thin white male wearing a hat and sunglasses robbed the Mr. Prescription pharmacy in West Carrollton of six bottles of Oxycontin by threatening the employees with a gun. The pharmacist and another employee later identified Brocar as the perpetrator from a photo array.
 {¶ 4} On September 10, 2001, the Mr. Prescription pharmacy in New Lebanon was robbed by a thin man wearing sunglasses and a hat who demanded Oxycontin at gunpoint. Although none of the employees involved in this robbery was able to identify the robber, a customer did identify Brocar as the man she had seen entering the store immediately before the robbery occurred and exiting the store as she entered.
 {¶ 5} Brocar was indicted on two counts of aggravated robbery, with firearm specifications, and on one count of breaking and entering. The state decided not to pursue the latter count. Following a three day trial, Brocar was found guilty by a jury of both counts of aggravated robbery and the firearms specifications. He was sentenced as described supra.
 {¶ 6} Brocar raises two assignments of error on appeal. Brocar's first assignment raises several issues, including the ineffective assistance of trial counsel in failing to seek suppression of the identification testimony, of Brocar's statement to a police officer, and of testimony about other crimes. Brocar also argues that his conviction is against the manifest weight of the evidence. Although a sentencing issue is also raised under the first assignment, we will discuss that issue under the second assignment of error.
 {¶ 7} We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. A debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel.State v. Cook (1992), 65 Ohio St.3d 516, 5245-25,605 N.E.2d 70.
 {¶ 8} First, we turn to the statement Brocar made to the police. He contends that trial counsel should have sought to suppress this statement.
 {¶ 9} Detective Mark Allison transported Brocar to court for his preliminary hearing, at which pharmacist Harold Neal identified him as the robber of the Mr. Prescription store in West Carrollton. According to Allison's testimony at trial, when they were in the car on the way back to the jail, Brocar was agitated and spontaneously stated: "I don't know how that guy recognized me wearing sunglasses and a hat." Allison stated that he did not respond to Brocar's statement. Brocar, on the other hand, testified that his comment had been more general, questioning how Neal could positively identify anyone who had been wearing sunglasses and a hat.
 {¶ 10} Brocar has not suggested any specific basis upon which his alleged statement could have been suppressed. Both men recounted that Brocar's comment was not made in response to a question by Allison. Accordingly, there is no basis to conclude that the statement was involuntary, and trial counsel was not ineffective in failing to file a motion to suppress the alleged statement. Rather, Brocar's argument turns on the credibility of the witnesses' testimony, which is within the province of the jury.
 {¶ 11} Second, we turn to Brocar's argument that trial counsel should have filed a pre-trial motion to suppress testimony that he had been identified from a photo array in order to "[be] put on notice of how the State intended to portray this array to the jury." Brocar also contends that trial counsel should have followed the motion to suppress with a motion in limine to keep the state "on a tight leash." In our view, however, competent representation did not require such filings. A motion to suppress is not a discovery tool, and Brocar has not pointed to any proper basis for the suppression of Detective Allison's testimony about the creation of the photo array. Counsel acted reasonably and effectively in addressing the reliability of the photo array at trial rather than through a motion in limine.
 {¶ 12} Third, Brocar claims that counsel was ineffective in failing to prevent the admission of evidence that linked him to other crimes. This argument is a bit cryptic, as Brocar makes no specific argument and employs no references to the record. As such, he has failed to comply with App.R. 16(A). However, there appear to be two exchanges upon which this argument could be based.
 {¶ 13} In the first instance, Detective Allison briefly mentioned his investigation of other crimes in response to questioning about his investigation of the pharmacy robberies. Trial counsel objected before Allison stated that this investigation had led him to Brocar because Brocar had been a suspect in other thefts. In response to the objection, the trial court instructed Allison to state only that his investigation had led him to Brocar, without offering any specifics about the investigation of other crimes. Allison complied with this instruction.
 {¶ 14} In the second instance, Brocar was testifying on his own behalf, and defense counsel had elicited testimony on direct examination acknowledging Brocar's prior felony convictions. Brocar stated that he had entered into plea agreements in those cases because he had been guilty, implying that he was not guilty of the instant offenses. On cross-examination, the state questioned him further about the prior convictions, including the specific nature of the crimes and their effect on his parole. Defense counsel objected to these questions, but the trial court overruled the objection, reasoning that Brocar had "opened the door" to the questioning.
 {¶ 15} Insofar as trial counsel objected to each instance in which reference was made to Brocar's other convictions, he was not ineffective. Moreover, Brocar has not argued — and we see no basis to conclude — that the outcome of the trial was affected by this information.
 {¶ 16} Finally, Brocar argues that "[i]dentification was at the heart of the State's case" and the weight of the evidence did not support his conviction. For example, Brocar contends that the baseball hat and reflective glasses worn by the robber made identification difficult in the absence of fingerprints, and he notes that he presented numerous alibi witnesses. However, the fact that stronger evidence might have been presented does not make the jury's verdict against the manifest weight of the evidence. The jury could have reasonably concluded that the alibi evidence from Brocar, his girlfriend, and her mother was less credible than the identification testimony from those present at the crimes. As such, Brocar's conviction was not against the manifest weight of the evidence.
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} In his second assignment of error, Brocar challenges the imposition of consecutive sentences based on findings made by the judge, rather than the jury. The state concedes that, in light of the supreme court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 245 N.E.2d 470, Brocar's argument has merit. Foster held that parts of Ohio's felony sentencing scheme are unconstitutional, including R.C.2929.14(E)(4), which required judicial factfinding before imposition of consecutive sentences. Id., following Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. Because Foster held the statutes under which Brocar's sentence was imposed to be unconstitutional and severed them from the sentencing provisions of the Revised Code, we must reverse his sentence and remand this case for a new sentencing hearing.Foster, at ¶ 104-105.
 {¶ 19} The second assignment of error is sustained.
 {¶ 20} Except with respect to the sentence, the judgment of the trial court will be affirmed. The matter will be remanded for resentencing in accordance with Foster. .
Donovan, J. and Milligan, J., concur.
(Hon. John R. Milligan, retired from the Fifth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).